FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS ARMANDO ARAGON C., | NO:  4:18-CV-05099-FVS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 16, 22.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney David L. Lybbert.  Defendant is

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration.  Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet.  *See* Fed. R. Civ. P. 25(d).

ORDER ~ 1

represented by Special Assistant United States Attorney Brett E. Eckelberg.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 16, is denied and Defendant's Motion, ECF No. 22, is granted.

## JURISDICTION

Plaintiff Luis Armando Aragon C.[2] (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on December 17, 2013, alleging an onset date of December 3, 2012, in both applications.  Tr. 461-67, 471-79.  Benefits were denied initially, Tr. 391-98, and upon reconsideration, Tr. 401-12.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on October 24, 2016.  Tr. 278-320.  On April 19, 2017, the ALJ issued an unfavorable decision, Tr. 202-17, and on April 27, 2018, the Appeals Council denied review.  Tr. 1-7.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff was born in 1986 and was 29 years old at the time of the hearing. Tr. 461, 471. He left school in the eighth grade but later obtained a GED. Tr. 736. He has work experience as a cashier, security guard, short order cook, framer, painter, industrial cleaner, stock clerk, material handler, lubrication technician, tire repairer, and farm worker. Tr. 312-13.

He had hernia surgery in 2012. Tr. 300, 618-21, 628. Plaintiff testified that after he initially recuperated from surgery, his right leg began to randomly "fall asleep." Tr. 300. He still has pain in the incision area. Tr. 300. He experiences numbness and weakness from his knee to his thigh. Tr. 300. He estimates that he has fallen 50 times since 2012 due to his leg issue. Tr. 300. Falling caused pain in his back and neck. Tr. 301. Sometimes he cannot turn his neck. Tr. 301. Sometimes he cannot get out of bed due to muscle spasms in his back. Tr. 302. Falling also caused pain in his right knee. Tr. 303. Plaintiff testified that he cannot sit or stand for long periods. Tr. 307. On his worst days, he spends all day on his couch. Tr. 308. Some days his symptoms are so severe he cannot do anything. Tr. 309.

Plaintiff testified that he has been treated for depression since 2012. Tr. 304. Sometimes he does not eat or sleep. Tr. 304. He has been suicidal. Tr. 304-05. He now has a therapist and is getting treatment. Tr. 305. Plaintiff testified that he has problems with focus and concentration. Tr. 305. Sometimes he does not take care of himself due to depression. Tr. 305-06.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER ~ 4

# FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work

ORDER ~ 5

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find

that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since December 3, 2012, the alleged onset date.  Tr. 204.  At step two, the ALJ found that Plaintiff has the following severe impairments:  degenerative disc

ORDER ~ 7

disease, chronic kidney disease, obesity, affective disorder, anxiety disorder, and somatoform disorder. Tr. 204. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 204.

The ALJ then found that Plaintiff has the residual functional capacity to perform sedentary work with the following additional limitations:

> he can never climb ladders, ropes, or scaffolds, work at unprotected heights or in proximity to hazards such as heavy machinery. He can occasionally balance, stoop, kneel, crouch, and crawl. He can perform work in which concentrated exposure to extreme cold, wetness and/or vibration is not present. In order to meet ordinary reasonable employer expectations regarding attendance, production and work place behavior [sic]. He can understand, remember and carry out unskilled, routine and repetitive work that can be learned by demonstration, in which tasks to be performed are predetermined by the employer. He can cope with occasional work setting change and occasional interaction with supervisors. He can work in proximity to coworkers, but not in a team or cooperative effort. He can perform work that does not require interaction with the general public as [an] essential element of the job, but occasional incidental contact with the general public is not precluded.

Tr. 206.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 215. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as assembler, escort vehicle driver, and document preparer. Tr. 216. Thus, the ALJ concluded that Plaintiff has not

been under a disability, as defined in the Social Security Act, from December 3, 2012, through the date of the decision.  Tr. 216.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 22.  Plaintiff raises the following issues for review:

1.    Whether the ALJ properly evaluated the medical opinion evidence;

2.    Whether the ALJ properly evaluated Plaintiff's symptom claims; and

3.    Whether the ALJ made a proper step five finding.

ECF No. 16 at 6.

## DISCUSSION

**A.    Sufficiency of Briefing**

At the outset, it is noted that Plaintiff's brief raises numerous issues not identified in the statement of "Issues" at the beginning of the brief.  ECF No. 16 at 2.  Furthermore, issues are identified and discussed throughout the brief in a meandering and disorganized manner, with few citations to the record or to legal authority.  The Local Rules provide that motions "must set forth supporting factual assertions and legal authority" and summary judgment motions shall include "citation to the specific portion(s) of the record supporting a position of the party." Local Rule 7.1(a)(2); Local Rule 56.1(e).

For example, under the heading "Relief Requested," Plaintiff asserts he meets the requirements of Listing 1.04., which is not identified in the list of "Issues." ECF No. 16 at 3. Plaintiff bears the burden of establishing he meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). A generalized assertion of functional problems is not enough to establish disability at step three. *Tackett*, 180 F.3d at 1100. Although Plaintiff references the listing in passing, Plaintiff fails to cite the provisions of Listing 1.04, demonstrate how he meets each element of the Listing, cite to the record, or discuss the ALJ's step three analysis. ECF No. 16 at 3. Similarly, Plaintiff makes a one-sentence argument in the "Statement of Facts" section that "considering the listings of impairment" [sic], Plaintiff is disabled "from the standpoint of his mental health condition," without identifying any specific listing or setting forth any theory about meeting a mental health listing. These vague contentions are insufficient to establish Plaintiff is disabled at step three.

Also under the heading of "Relief Requested," Plaintiff argues the opinions of "[h]is treating physician's assistant and his treating physical medicine physician" justify a finding of disability, without identifying either medical provider or citing the record. ECF No. 16 at 4. The Court cannot infer which providers Plaintiff intended to reference, and even if Plaintiff had identified the providers at issue, he failed to discuss the ALJ's findings regarding those providers. The argument is waived for lack of specificity. *See Independent Towers of Wash. v. Washington,* 350 F.3d 925, 929-30 (9th Cir.2003) (holding that

a party's argument was waived because the party only asserted error without argument and the court will review "only issues which are argued specifically and distinctly"); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (holding that issue not specifically and distinctly argued in opening brief ordinarily will not be considered).

In the "Statement of the Facts" section of the brief, Plaintiff makes numerous assertions which are not facts, but are rather arguments and characterizations of facts. Furthermore, many of the issues raised are undeveloped and unsupported by citation to legal authority or the record. "[T]he term 'brief' in the appellate context does not mean opaque nor is it an exercise in issue spotting," and "contentions must be accompanied by reasons." *Independent Towers*, 350 F.3d at 929. The court may refuse to address claims that were only argued in passing or that were bare assertions with no supporting argument. *Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010). The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Except as discussed *infra*, the Court declines to consider any issues or arguments asserted in the "Statement of Facts" due to lack of specificity.

Furthermore, Plaintiff repeatedly cites the "statements from family members and neighbors" in support of his contentions, yet fails to cite to the record, identify the names of the parties making statements, or challenge or even acknowledge the ALJ's finding that the lay witness statements were given little weight. ECF No. 16

ORDER ~ 11

at 5, 10, 12, 20; Tr. 215. Because the ALJ gave little weight to the lay witness statements for germane reasons, these statements provide no support for Plaintiff's arguments,[3] and any argument challenging the ALJ's consideration of these statements is waived. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (indicating arguments not made in an opening brief may be deemed waived).

Lastly, Plaintiff asserts without citation to any authority and without any basis in the record that "[c]onsidering the concerted effort of the ALJ to try to prove her conclusions are right, it is not hard to see why she remains at only a 15% for approval of claimants for benefits." ECF No. 16 at 14. This argument is not well-taken. The ALJ's record of decisions has no bearing on the merits of this case and is not properly before this Court.

## B. Medical Opinion Evidence

Plaintiff contends the ALJ failed to properly consider the opinions of treating physician Jesus Marcelo, M.D., and Caleb Ledford, ARNP. Plaintiff also contends the Appeals Council failed to properly consider the opinion of treating psychiatrist, Laurie Zimmerman, M.D.

---

[3] If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir, 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (1995)).

1. *Jesus Marcelo, M.D., and Caleb Ledford, ARNP*

In November 2015, treating physician Jesus Marcelo, M.D., co-signed a "Physical Medical Source Statement" form completed by treating ARNP Caleb Ledford in October 2015. Tr. 797-800. Dr. Marcelo and Mr. Ledford diagnosed lumbar intervertebral disc protrusion and lower extremity weakness, noting "[t]he patient relies on a walker to maintain a steady gait. Even then, he's a fall risk and can't stand for long periods." Tr. 799. Dr. Marcelo and Mr. Ledford opined that Plaintiff can sit for seven to eight hours at a time and stand or walk for 15 minutes at a time; sit for eight hours and stand or walk for one to two hours in an eight-hour day; frequently lift and carry up to ten pounds; can frequently twist torso and work with hands outstretched, but can seldom or never bend, stoop, squat, crawl, climb, maintain forward bent position, or push foot controls; and should never be exposed to unprotected heights, be around moving machinery, be exposed to marked changes in temperature and humidity, or drive. Tr. 797-99. Dr. Marcelo and Mr. Ledford indicated that Plaintiff will need more than standard ten-minute breaks throughout the day; will likely miss work or leave work early at least two or three days per month; and is unlikely to tolerate production level work. Tr. 799.

The ALJ gave little weight to the opinion co-signed by Dr. Marcelo and Mr. Ledford. Tr. 212-13. Because the opinion was contradicted by the opinion of Dennis Koukol, M.D., Tr. 364-66, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Marcelo's opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found the opinion is inconsistent with other evidence of record indicating Plaintiff is not as limited as alleged. Tr. 212. *Lingenfelter v. Astrue*, 504

F.3d 1028, 1042 (9th Cir. 2007) (noting the consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion). Second, the ALJ found there are no exam findings corresponding to the opinion or testing to support the statement that Plaintiff falls. Tr. 212-213. *Bray*, 554 F.3d at 1228 (indicating a medical opinion may be rejected if it is unsupported by medical findings). Third, the ALJ found Mr. Ledford's notes indicate Plaintiff was noncompliant with referrals and treatment, which undermines the reliability of his assessment of Plaintiff's functioning. Tr. 213. *Id.* (indicating a medical opinion may be rejected by the ALJ if it contains inconsistencies). These reasons are specific, legitimate, and supported by substantial evidence.

Plaintiff's argument consists of two sentences: "[t]he treating physical medicine statements cannot be ignored based upon erroneous assumptions of the ALJ. As described above, she attempts to ignore them because she alleges that there are no real objective findings to support the restrictions. This has been shown to be an unsupported assumption." ECF No. 16 at 18. The remainder of Plaintiff's argument pertains to mental limitations, which were not assessed by Dr. Marcelo and Mr. Ledford. ECF No. 16 at 18.

Plaintiff's argument does not adequately address the ALJ's reasons or demonstrate any error in the ALJ's interpretation of the evidence. The court may decline to address issues which are not argued with specificity. *Carmickle*, 533 F.3d at 1161. The reference to arguments "discussed above" is nonspecific and, in light of the inadequacies discussed *supra*, insufficient. Even if Plaintiff is given the

ORDER ~ 15

benefit of the doubt, and the contentions "discussed above" involved specific citations to the record, Plaintiff's argument at most set forth another interpretation of the evidence but does not establish that the ALJ erred in fact or law in analyzing the evidence. The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). Having reviewed the record and the ALJ's findings, the Court concludes the ALJ reasonably gave little weight to the opinion of Dr. Marcelo and Mr. Ledford based on legally sufficient reasons supported by substantial evidence.

### 2. Laurie Zimmerman, M.D.

Dr. Zimmerman, a treating provider, completed a "Mental Medical Source Statement" form in June 2017 and diagnosed severe depression and anxiety disorder. Tr. 150-53. She assessed marked limitations in the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to set realistic goals or independently make plans. Tr. 150-52. Dr. Zimmerman opined that Plaintiff "would not be able to function on a job and is unable to get along with people." Tr. 152.

Plaintiff submitted Dr. Zimmerman's opinion to the Appeals Council and it was therefore not reviewed by the ALJ. Tr. 2. "We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that

ORDER ~ 16

evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). The Appeals Council observed that Dr. Zimmerman's opinion does not relate to the period at issue and concluded it does not affect the ALJ's determination that Plaintiff was not disabled on or before April 19, 2017. Tr. 2.

Plaintiff contends that Dr. Zimmerman's opinion "is in direct contrast to the assumptions and conclusions made by the ALJ as reasons to minimize the Plaintiff's limitations both mentally and physically." ECF No. 16 at 18-19. Without citing any legal authority, Plaintiff contends remand is appropriate for the ALJ to consider Dr. Zimmerman's opinion. However, a statement of disability made outside the relevant time period may be disregarded. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Plaintiff identifies no basis upon which to conclude that Dr. Zimmerman's opinion relates to the relevant period, and the Court finds none. Thus, the Appeals Council correctly declined to consider Dr. Zimmerman's opinion because it does not relate to the relevant period.

## C. Symptom Claims

Plaintiff contends the ALJ improperly rejected his symptom claims. ECF No. 16 at 19-22. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying

ORDER ~ 17

impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834; *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms less than fully persuasive. Tr. 208-12.

First, the ALJ found Plaintiff's pain complaints and alleged physical limitations are out of proportion to the objective medical evidence. Tr. 208. While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff contends the ALJ "cherry-picks irrelevant inconsistencies," but fails to cite the ALJ's decision or discuss any of the inconsistencies identified by the ALJ. ECF No. 16 at 20. To the extent Plaintiff's "Statement of Facts" takes issue with the ALJ's findings regarding the medical evidence of physical limitations, the Court concludes Plaintiff offers at most a different interpretation of the evidence.[4] ECF no. 16 at 10-12.

---

[4] Plaintiff contends, "[i]t is clear from a reading of her decision that [the ALJ] does not believe that the claimant is falling," and "contrary to the ALJ's suggestion that we have not adequately proved that the claimant suffers these falls, the record is clear that they are happening on a regular basis." ECF No. 16 at 12-13. Plaintiff

Among other findings, the ALJ cited an October 2013 lumbar MRI report indicating Plaintiff's lumbar spine showed focal central disc protrusions at L4-5 but no definite nerve root impingement. Tr. 208-09 (citing Tr. 683-84, 715). Plaintiff notes the MRI results also indicate a congenital spinal canal stenosis exacerbated by acquired disease, and annual fissuring of the disc at L4-5.[5] ECF No. 16 at 11. Plaintiff asserts this means "the ALJ is wrong in her assessment of both clinical findings and her assumptions or conclusion regarding the imaging studies." ECF No. 16 at 11. However, Plaintiff does not identify which conclusions by the ALJ are incorrect. The ALJ acknowledged records indicating

_____

does not cite the ALJ's decision and the Court can identify no finding or conclusion by the ALJ supporting Plaintiff's contention.

[5] Plaintiff mentions the ALJ gave little weight to the opinions of Adam Evans, D.C., and Allen Shoham, M.D., who gave functional assessments in January and February 2014, respectively. ECF No. 16 at 10-11, 14. Plaintiff does not challenge the weight given to the opinions or address the ALJ's reasons. As a result, the argument is waived and the Court declines to further address the issue except to find that having reviewed the record, the ALJ's reasons are legally sufficient. *See Carmickle*, 533 F.3d at 1161.

some limitations, but also noted findings and exams inconsistent with the degree of limitations alleged. Tr. 208-10.

For example, the ALJ acknowledged records variously indicating 4/5 strength in the right lower extremity, difficulty with gait, ambulating with a cane, and reports of falls. Tr. 208-10 (citing Tr. 628-29, 708, 711, 715, 808). However, the ALJ also noted multiple findings of 5/5 or good strength in all extremities, normal EMG and nerve conduction studies, images of the pelvis within normal limits, and a negative x-ray of the knee. Tr. 208-09 (citing Tr. 361, 630-32, 685-86, 711, 744, 802, 884. The ALJ cited the findings of neurologist Sarabjut Atwal, M.D., who indicated that given the neurological exam findings, there is no evidence suggesting lumbar radiculopathy. Tr. 209, 865-69. Dr. Atwal advised Plaintiff to avoid tight fitting garments, and to exercise and eat a healthy diet. Tr. 869. Similarly, Caleb Ledford, ARNP, also advised Plaintiff to engage in moderate to intense exercise daily, five days per week, as well as eat a healthy diet.[6] Tr. 209, 816-17. These findings reasonably support the ALJ's conclusion that while Plaintiff has some limitations reflected in the RFC, they are not as severe as alleged.

---

[6] Without citing the record, Plaintiff vaguely asserts his "physical medicine doctors . . . have unequivocally stated that he is not capable of rigorous exercise." ECF No. 16 at 15. The Court finds no basis for this assertion in the record.

ORDER ~ 21

Second, the ALJ found Plaintiff's activities are inconsistent with his physical complaints and allegations of significant decrease in functioning. Tr. 210. The ALJ evaluates a claimant's statements for their consistency, both internally and with other information in the case record. Social Security Ruling (S.S.R.) 16-3p at *8 (March 16, 2016), *available at* 2016 WL 1119029. Additionally, in evaluating a claimant's symptom claims, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ cited examples of inconsistencies between Plaintiff's physical complaints and his activities and medical recommendations, including inconsistencies between his testimony that he has not cared for his children since 2015 due to falls and 2016 records showing he was "babysitting" his children (Tr. 284, 1057, 1066, 1088); his testimony that his wife has done all household chores since 2013 and his 2014 report that he did household chores "every day" including dishes, laundry, vacuuming, and dusting (Tr. 307, 737, 1026); his testimony about physical limitations and records indicating he went fishing, kicked a ball with his son, and traveled to Tijuana, Mexico via Los Angeles by airplane and car (Tr. 286, 991, 1021-22). Tr. 210-11.

Plaintiff contends his activities of performing household tasks and taking care of his children do not take up a substantial portion of his day and are not transferable to the work environment. ECF No. 16 at 22. He also asserts he was "watching" his children rather than "caring for them." ECF No. 16 at 13. However, the ALJ's interpretation of the record is reasonable. Even if Plaintiff is

ORDER ~ 22

correct, his inconsistent reporting reasonably indicates his symptom claims are less than fully reliable.

Third, the ALJ observed inconsistencies in Plaintiff's mental health complaints. Tr. 211. As noted *supra*, the ALJ may evaluate the consistency of Plaintiff's claims with the case record. S.S.R. 16-3p. The ALJ noted that Plaintiff alleged disabling depression since 2012, but the record reflects no treatment until March 2014. Tr. 720-23. The ALJ noted that Plaintiff reported in 2014 that he had stopped drinking daily, but in February 2015 he reported he was drinking to the point of intoxication and vomiting twice a week. Tr. 720, 1007. The ALJ also observed that despite alleging that his mental health causes disabling limitations in his ability to concentrate, Plaintiff wanted to attend college classes. Tr. 211-12, 305, 1006. The ALJ's finding is supported by substantial evidence.

Fourth, the ALJ found that Plaintiff's alleged mental health symptoms are inconsistent with exam findings. Tr. 211. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch*, 400 F.3d at 680. Mental status examinations are objective measures of an individual's mental health. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The ALJ noted numerous examples of findings within normal limits and mental status exam findings showing improved mood and functioning. Tr. 211-12. The ALJ also noted the opinion of Thomas Genthe, Ph.D., who opined that Plaintiff's description of problems seemed of questionable

veracity and his behavior was inconsistent with a severe mental illness. Tr. 211, 735-39.

Plaintiff does not address the ALJ's reasons for finding Plaintiff's symptom claims are less than fully reliable but only asserts generally that "[t]he ALJ has provided inadequate and insufficient reasons for concluding the Plaintiff lacked credibility when addressing his own limitations." ECF No. 16 at 19. Plaintiff contends his testimony "is supported by the record" and references "the statements of friends and family that corroborate his statements."[7] ECF No. 16 at 20.

---

[7] Plaintiff's "Statement of Facts" notes the ALJ considered the August 2014 opinion of N.K. Marks, Ph.D., and cites several mental health findings from Dr. Marks' opinion that the ALJ "failed to acknowledge" and "failed to note." ECF No. 16 at 14; Tr. 749-54. While the ALJ must make specific findings to support the decision and allow for meaningful judicial review, the ALJ need not discuss every detail contained in every medical opinion. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (stating the ALJ need not discuss all evidence presented but must explain why significant probative evidence has been rejected). The ALJ gave little weight to Dr. Marks' opinion for several reasons which are not acknowledged or discussed by Plaintiff. The Court concludes the ALJ's consideration was legally sufficient and declines to further address this issue. *See Carmickle*, 533 F.3d at 1161 n.2.

However, as discussed *supra*, Plaintiff fails to recognize that the ALJ also gave little weight to the lay witness statements, Tr. 215, and fails to demonstrate how Plaintiff's interpretation of the evidence is correct and the ALJ's findings are flawed.

To the extent Plaintiff's arguments in the "Statement of Facts" address the evidence of mental health limitations, they are simply a recitation of evidence and do not demonstrate that the ALJ's interpretation of the evidence is flawed. ECF No. 16 at 7-10. Even if there is some evidence supporting Plaintiff's conclusions, the existence of a legally supportable alternative resolution of the evidence does not provide a sufficient basis for reversing an ALJ's decision that is supported by substantial evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir.1987). Having reviewed the ALJ's reasons and the record, the Court concludes the ALJ's reasons for giving less than full weight to Plaintiff's symptom claims are clear and convincing reasons supported by substantial evidence.

**D.    Step Five**

Plaintiff contends the ALJ erred at step five because the finding that there are jobs available that Plaintiff can perform was based on an incomplete hypothetical. ECF No. 16 at 22-23.   The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101.  The ALJ is not bound to accept as

true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallanes*, 881 F.2d at 756-57; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes*, 881 F.2d at *id.*

Plaintiff's argument assumes that the ALJ erred in considering unspecified medical opinion evidence from "treating physical medicine providers," and that the Appeals Council erred by declining to consider Dr. Zimmerman's opinion. ECF No. 16 at 23. As discussed *supra*, the Appeals Council's assessment of Dr. Zimmerman's opinion was appropriate. Similarly, the ALJ's reasons for assigning weight to the various medical opinions were legally sufficient and supported by substantial evidence. Thus, the RFC and hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss*, 427 F. 3d at 1217-18.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

///

2. Defendant's Motion for Summary Judgment, ECF No. 22, is **GRANTED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** September 23, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
